IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re Notices of *Lis Pendens* ) | |
| Filed by the United States of America ) | Case No. 3:11mc00005 |
| (Real Property in Robertson County, ) | JUDGE HAYNES |
| Tennessee, owned by Bart Posey and, ) | |
| wife, Angela S. Posey) ) | |

## MEMORANDUM

Before the Court is Bart Posey's motion to dismiss the Government's notices of *lis pendens* (Docket Entry No. 1), to which the Government has responded. (Docket Entry No. 3).

On November 3, 1010, the Government filed notices of *lis pendens* with the Robertson County Register of Deeds for the three real properties known as: 814 Pitt Avenue, Springfield, Tennessee; 209 North Chapel,[1] Springfield, Tennessee; and 4676 Hwy 41 North, Springfield, Tennessee. (Docket Entry No. 1, Attachment 1). The notices provided a detailed description of the properties and stated in pertinent part:

> [The property is] subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), because it constitutes real property . . . . constituting or derived from proceeds traceable to a violation of Title 18 United States Code Sections 661 and/or 1957 or a conspiracy to commit such offenses.
>
> The United States anticipates brining criminal and/or civil forfeiture proceedings against said property in the United States District Court, Middle District of Tennessee.

Id.

Here, Mr. Posey contends that the Government's *lis pendens* notices violated his due

---

[1] It appears that this property should be titled "209 New Chapel Road," which corresponds to the legal description of the property in the Government's notice of *lis pendens* and the civil forfeiture complaint in case 3:11cv138 (using the same legal description). Despite this apparent error, the legal description of the property is detailed and thorough (approximately four single spaced pages) such as to provide notice of the location of property.

1

process rights by being filed prior to a criminal complaint or civil forfeiture action, citing Tenn. Code Ann. § 39-11-707(e) (language regarding pending suit) and <u>Neal v. Barone</u>, No. E2009-02598-COA-R9-CV, 2010 WL 4024973, *5 (Tenn. Ct. App. Oct. 13, 2010) (discussing lien *lis pendens* as protecting property subject to a suit). Mr. Posey also argues that the statutes cited in the Government's notices do not authorize forfeiture.

The Government responds that its notices were permissible under Tennessee law. The Government argues that the property at issue is subject to forfeiture as proceeds of a health care fraud violation.

> Notably 18 U.S.C. § 1957 and T.C.A. § 39-14-903 are respectively the federal and State of Tennessee violations for money laundering. Further, healthcare fraud is listed as a specified unlawful activity at 18 U.S.C. 1956(c)(7)(F). Tennessee statute, T.C.A. § 39-14-902(6)(A), defines specified unlawful activity as an act committed for financial gain that is punishable as a felony under state law or if outside the state, under the law of the state in which it occurred. Embezzlement of (health care) funds is a felony fraud violation pursuant to T.C.A. § 40-13-221 in the State of Tennessee and is thus a specified unlawful activity.
>
> The properties upon which the *lis pendens* were filed are subject to forfeiture because they constitute real property acquired by or received in violation of a health care fraud violation and as property traceable to the proceeds from that violation.

(Docket Entry No. 3, at 5). The Government concedes that its notices contained a typographical error and should have referenced 18 U.S.C. § 669 (theft or embezzlement in connection with health care), not § 661. According to the Government filing, on February 1, 2011 the Government provided amended notices for the three properties to the United States Marshals for filing. (Docket Entry No. 3, at 2 and Attachments 2-5). The Government, however, has not submitted documentation reflecting when the amended notices were received by the Robertson County Register of Deeds.

2

In <u>United States v. Parrett</u>, 530 F.3d 422 (6th Cir. 2008), the Sixth Circuit considered whether the government was authorized to file a notice of *lis pendens* on substitute property prior to the entry of a criminal order of forfeiture. The government sought to justify the notice based upon state law. Id. at 429. The Sixth Circuit held that federal forfeiture statutes did not authorize restraint on substitute assets by the government prior to the order of forfeiture. Id. Yet, the Sixth Circuit concluded that a pre-trial notice of *lis pendens* may be permissible under state law:

> [T]he federal government is free to argue that applicable state law authorizes the filing of a notice of lis pendens against substitute property.
>
> Each state has its own specific requirements regarding the proper method for filing a notice of lis pendens. . . [.]
>
> We conclude that the federal government may file a notice of lis pendens against substitute assets prior to the entry of a forfeiture order, as long as it has fulfilled the relevant state-law requirements.

Id. at 432. The Sixth Circuit remanded, stating: "Because the district court did not address whether the federal government had met the requirements for filing a notice of lis pendens in Arizona or Ohio, and because briefing on the issue was scanty, we vacate the district court's order and remand so that the district court can consider this issue after full briefing by the parties." Id.

Here, the properties subject to the *lis pendens* notices are in Tennessee. Under the relevant provisions of Tenn. Code. Ann. § 39-11-707,

> (e) The attorney general may file a notice of lien lis pendens against any real property subject to forfeiture under this part. The lien shall generally describe the real property and the reason for forfeiture. **The notice shall specify the court and jurisdiction in which the action is pending and, if known at the time of the filing of the notice, the case number of the action.** After the filing of the notice of lien lis pendens the state shall, as soon as is practicable, serve a copy of the notice upon any person who has a duly recorded interest in the property as reflected in public records.
>
> (f) The filing of a notice of lien lis pendens under this part creates, from the time of its filing, a lien in favor of the state on the property described in the notice and

3

subject to forfeiture under this part against the persons named in the notice.

(g) There shall be no seizure or attachment of real property unless and until a hearing is conducted, with due notice to the owner.

(emphasis added).

Under the relevant provisions of Tenn. Code Ann. § 39-11-709,

(a) Only an owner or interest holder may make a claim for return of property seized for forfeiture or otherwise contest the forfeiture under this part. In the event of a seizure for forfeiture under this part, the property shall not be subject to replevin, conveyance, or attachment, but is deemed to be in the custody of the seizing agency or official.

**(b) If after thirty (30) days from the date of . . . the filing of a notice of lien lis pendens no administrative or civil forfeiture action has been initiated, the owner or interest holder may petition the chancery court in the judicial district where the seizure occurred for return of the property seized or to have the notice of lien lis pendens released. The district attorney general having jurisdiction over the judicial district where the petition is filed shall be served with a copy of the petition. If no administrative or civil forfeiture action is commenced within thirty (30) days after the appropriate official has been served with the petition for return of property or release of lis pendens, then the chancery court shall order the property be returned or the lien released.**

(emphasis added).

The Court first determines whether the Government's notices *lis pendens* complied with Tenn. Code. Ann. § 39-11-709. The Government filed the notices on November 3, 2010 with the Robertson County Register of Deeds. (Docket Entry No. 1, Attachment 1). By letter dated December 23, 2010, the Government sent a copy of the notices to Mr. Posey. Id. On January 18, 2011, Mr. Posey filed the instant motion to release the Government's notices of *lis pendens*. On February 16, 2011 in case number 3:11cv138[2], the Government filed a civil forfeiture action for the three properties, which was within thirty (30) days of Mr. Posey's request for release. Thus,

---

[2] Case number 3:11cv138 is assigned to Senior Judge John T. Nixon. The Court notes that on February 1, 2011, the Government filed a related civil forfeiture action for a 2010 Chevrolet owned by Bart Posey in case 3:11cv90, which is assigned to this Court.

4

the Court concludes that the Government's filing was timely under Tenn. Code. Ann. § 39-11-709(b). Accordingly, the Court concludes that Mr. Posey's motion (Docket Entry No. 1) should be denied.

An appropriate Order is filed herewith.

Entered on this the 9th day of March, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge